UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD SAMARITAN HOSPITAL L.P.,<br><br>    Plaintiff,<br><br>    v.<br><br>MULTIPLAN, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-02139-AMO<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 100 |

Plaintiff's Motion to Remand is now pending before the Court. ECF 92. Defendant Altimetrik Corp. ("Altimetrik") filed a brief in opposition to Plaintiff's motion. ECF 95. In addition, Altimetrik moved to seal portions of its brief as well as certain agreements underlying Plaintiff's claims. ECF 100. This Order resolves Altimetrik's administrative motion to seal; Plaintiff's Motion to Remand is resolved in a separate order. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby rules as follows.

Because "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)), when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir.

1    2016); *Kamakana*, 447 F.3d at 1178-79.

2    However, courts "must remain mindful of the parties' right to access those same courts
3    upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs.*
4    *Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). For that reason, records attached to motions
5    that are "not related, or only tangentially related, to the merits of a case" are not subject to the
6    strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447
7    F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-
8    dispositive motions because those documents are often unrelated, or only tangentially related, to
9    the underlying cause of action."). Parties moving to seal the documents attached to such motions
10   must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal
11   quotations and citations omitted).

12   Defendant MultiPlan represents that compelling reasons exist to keep under seal the
13   Facility Agreement between MultiPlan and Good Samaritan as well as portions of Defendants'
14   brief opposing the instant motion to remand that quote from the Facility Agreement. MultiPlan
15   considers its participating provider agreements, including the Facility Agreement with Good
16   Samaritan, to be confidential and proprietary, particularly with respect to the contract rates and
17   other rate information, as well as to the provider-specific terms and conditions contained therein,
18   which are the result of back-and-forth negotiations between MultiPlan and Good Samaritan.
19   MultiPlan contends that its business operations and competitive advantage would suffer
20   irreparable harm should such participating provider agreements be given to or viewed by
21   MultiPlan's business competitors or other providers with whom MultiPlan negotiates.

22   Defendant Trustmark similarly represents that compelling reasons exist to keep under seal
23   the Administrative Services Agreement between the predecessors of Trustmark and Altimetrik as
24   well as portions of Defendants' brief opposing the instant motion to remand that quote from the
25   Administrative Services Agreement. Trustmark considers the agreement to be confidential and
26   proprietary, and the company's business operations would suffer irreparable harm if the agreement
27   was exposed to its business competitors.

28   Here, because the motion to remand is only tangentially related to the merits of the case,

1   these materials are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d
2   at 1099. Further, because these documents contain confidential business information, the Court
3   finds good cause to seal the materials. *See, e.g.*, *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, No.
4   18-CV-03587-BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) (granting motion to seal
5   contracts containing proprietary and confidential business information); *Finisar Corp. v. Nistica,*
6   *Inc.*, No. 13-CV-03345-BLF(JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) ("Courts
7   regularly find that litigants may file under seal contracts with third parties that contain proprietary
8   and confidential business information."). Accordingly, the Court **GRANTS** the administrative
9   motion to seal.

**IT IS SO ORDERED.**

Dated: September 15, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**